UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARENCE W. PHILPOTT,

        Plaintiff,

v.                                                                                                    Case No. 6:21-cv-323-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

## OPINION AND ORDER[2]

### I. Status

Clarence W. Philpott ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "knee issues," "ankle issues," "back problems," "bipolar [disorder]," and "PTSD" (post traumatic stress disorder). Transcript of Administrative Proceedings (Doc.

---

[1]     Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 19), filed August 11, 2021; Reference Order (Doc. No. 23), entered January 20, 2022.

No. 20; "Tr." or "administrative transcript"), filed August 11, 2021, at 95, 109, 255 (some capitalization omitted).

On February 29, 2016, Plaintiff protectively filed the DIB application, alleging a disability onset date of March 1, 2014.[3] Tr. at 218-19, 221-23. The application was denied initially, Tr. at 94-105, 106, 107, 125-27, and upon reconsideration, Tr. at 108-20, 121, 122, 129-33.

On April 11, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 59-92. At the time of the hearing, Plaintiff was thirty-two (32) years old. Tr. at 81. On June 20, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 40-52, 1858-70 (duplicate). On August 24, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, 1876-78 (duplicate), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the Commissioner's final decision to this Court on October 24, 2018.[4] Tr. at 1882-84. On February 7, 2020, this Court entered a Memorandum of Decision reversing and remanding the Commissioner's final

---

[3] The DIB application was actually completed and received by the SSA in March 2016, see Tr. at 218, 221, but the protective filing date for the application is listed in the administrative transcript as February 29, 2016, see, e.g., Tr. at 95, 109.

[4] The Complaint is dated October 23, 2018, Tr. at 1884, but it was filed on October 24, 2018, Tr. at 1882.

- 2 -

decision with instructions to reevaluate Plaintiff's disability rating from the Department of Veterans Affairs ("VA disability rating") and to reevaluate the opinion of Latha Babuji, ARNP, a mental health provider. Tr. at 1889-99. Judgment was entered on February 10, 2020. Tr. at 1900.

On remand, the Appeals Council on May 8, 2020 remanded the matter back to the ALJ consistent with the Court's instructions. Tr. at 1902-04. Because Plaintiff had filed an intervening claim for benefits on October 11, 2018, the Appeals Council directed the ALJ on remand to consolidate the claims and to "apply the prior rules to the consolidated case pursuant to HALLEX I-5-3-30." Tr. at 1904.

The ALJ held a hearing on September 29, 2020.[5] Tr. at 1820-54. The ALJ then issued a Decision on November 3, 2020 finding Plaintiff not disabled through December 31, 2019, the date Plaintiff was last insured for DIB. Tr. at 1792-1810. On November 24, 2020, Plaintiff requested review by the Appeals Council, Tr. at 1954-56, and filed Exceptions to the Unfavorable Decision, in which he continued to challenge the treatment of the VA disability rating and the rejection of Ms. Babuji's opinion, Tr. at 1948-53. On December 22, 2020, the Appeals Council declined to assume jurisdiction, Tr. at 1783-85, making the ALJ's Decision the final decision of the Commissioner. On February 17, 2021,

---

[5] The hearing was held telephonically, with Plaintiff's consent, because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 1822.

Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges: 1) "whether the ALJ gave an adequate explanation for rejecting Plaintiff's VA disability rating" and 2) "whether the ALJ gave a sufficient explanation for rejecting Ms. Babuji's opinion." Joint Memorandum (Doc. No. 22; "Joint Memo"), filed November 4, 2021, at 14, 24 (emphasis and some capitalization omitted). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the VA disability rating. Given that the matter is to be remanded on this issue, the Court need not address Plaintiff's remaining issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 1794-1810. At step one, the ALJ determined Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of March 1, 2014 through his date last insured of December 31, 2019." Tr. at 1794 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last

---

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

insured, [Plaintiff] had the following severe impairments: lumbar degenerative disc disease, left leg impairment, obesity, depression, anxiety disorder, and posttraumatic stress disorder (PTSD)." Tr. at 1795 (emphasis and citation omitted). At step three, the ALJ ascertained that "t[h]rough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1795 (emphasis and citation omitted).

The ALJ determined, through the date last insured, that Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) which is simple and routine. He [could] occasionally stoop, kneel, crouch, or crawl; [could] never climb ladders, ropes, or scaffolds; [could] occasionally climb ramps or stairs; and should [have] avoid[ed] exposure to hazards, such as heights or machinery with moving parts. No production rate pace work. Occasional changes in routine work place setting. Occasional contact with co-workers, supervisors, and the general public. The hypothetical individual [was] likely to be off task 10% of the work period. The hypothetical individual [was] likely to be absent from work on an unscheduled basis (including the probationary period) 1 day per month.

Tr. at 1797 (emphasis omitted).

At step four, the ALJ found that "[t]hrough the date last insured, [Plaintiff] was unable to perform any past relevant work" as a "bouncer," a "combat crew member," and a "sales person parts." Tr. at 1808 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after

considering Plaintiff's age ("34 years old . . . on the date last insured"), education ("at least a high school education"), work experience, and RFC, Tr. at 1808, the ALJ found that "[t]hrough the date last insured, . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," such as "photo copy machine operator," "router," and "housekeeping cleaner," Tr. at 1809 (some emphasis, capitalization, and citation omitted). The ALJ concluded Plaintiff "was not under a disability . . . at any time from March 1, 2014, the alleged onset date, through December 31, 2019, the date last insured." Tr. at 1810 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ failed to follow this Court's remand instructions by failing to adequately explain why he rejected Plaintiff's VA disability rating. Joint Memo at 14-17. In response, Defendant asserts the ALJ adequately complied with the applicable Regulation and with an intervening published opinion issued by the United States Court of Appeals for the Eleventh Circuit (discussed below) that addressed VA disability ratings as applied to SSA disability claims. See id. at 18-24.

The Regulation applicable to Plaintiff's claim (and effective only until March 27, 2017) explains that "[a] decision by any governmental agency . . . about whether you are disabled . . . is based on its rules" and is "not binding on

[the SSA]." 20 C.F.R. § 404.1504.[7] "[E]vidence of a disability decision by another governmental agency . . . cannot be ignored." Social Security Ruling 06-03P, 2006 WL 2329939, at *2. Because another agency's standards may be different than SSA standards, however, the other agency's disability determination may have limited relevance. Id. In any event, an ALJ must "explain the consideration given to" a decision by another agency. Id.

As noted previously, this Court reversed the first decision of the ALJ specifically as it pertained to the VA disability rating. See Tr. at 1889-99. The first decision of the ALJ found as follows on this issue:

> I considered the VA's disability findings and give[] it little weight, noting that there is no indication that the VA reviewed all medical records reviewed by the undersigned or used a vocational expert. More importantly, different disability programs have different requirements, thus the [SSA] is not bound by the VA rating system.

Tr. at 49-50. In reversing the ALJ's first decision, the Court explained that "a disability rating from the VA is 'evidence that should be given great weight,'" and "[a]n ALJ may not summarily reject a VA disability rating solely because it is non-binding on the SSA and relies on different criteria than the SSA." Tr. at 1893-94 (citing Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984); Beshia

---

[7] The SSA has since amended this Regulation to state that for claims filed on or after March 27, 2017, a SSA ALJ would "not provide any analysis . . . about a decision made by another governmental agency . . . about whether [a claimant is] disabled." 20 C.F.R. § 404.1504 (2017). However, even under the amended Regulation, an ALJ must "consider[] all of the supporting evidence underlying the other governmental agency['s] . . . decision." Id.

v. Comm'r of Soc. Sec., 328 F. Supp. 3d 1341, 1346-47 (M.D. Fla. 2018)); see also Brown-Gaudet-Evans v. Comm'r of Soc. Sec., 673 F. App'x 902, 904 (11th Cir. 2016)). In determining that "the ALJ's explanation for providing little weight to the VA disability determination was insufficient," the Court found that the ALJ's contrasting of VA and SSA programs "does not provide a sufficient basis to assign the VA disability determination little weight." Tr. at 1895 (citing Brown-Gadet-Evans, 673 F. App'x at 904). The Court stated that the ALJ "must provide specific reasons for discounting the VA's disability decision." Tr. at 1895 (citing Brown-Gadet-Evans, 673 F. App'x at 904).

The Court also found that "the ALJ's explanation that there was 'no indication that the VA reviewed all medical records reviewed by [the ALJ] or used a vocational expert' [was] also insufficient" because "the ALJ failed to identify such records, explain how such records provided different evidence than that considered by the VA, or how those records lent support for rejecting the VA disability rating." Tr. at 1896 (citations omitted). In addition, found the Court, "the ALJ's conclusory assertion that the VA did not use VE testimony to reach its disability determination, by itself, fail[ed] to support the ALJ's decision to reject the VA disability ratings." Tr. at 1896.

The Court concluded that the matter had to be remanded on this issue. Tr. at 1897. The Court's remand instructions were as follows: "the ALJ is not required to give the VA's disability determination controlling weight; but

- 10 -

certainly he must consider and closely scrutinize the VA's disability determination and give specific reasons if he discounts that determination." Tr. at 1897 (quotations and citations omitted).

After this matter was remanded by this Court to the SSA, but before the ALJ issued the latest Decision, the Eleventh Circuit, applying the same version of the Regulation that applies here, decided in a published opinion "what role another agency's decision that a claimant is disabled plays when an ALJ considers whether the claimant is disabled for Social Security purposes." Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1324 (11th Cir. 2020). Upon resolving seeming inconsistencies or tensions in prior precedent, the Noble Court concluded that two questions should be answered in deciding whether a VA disability rating was properly considered by a SSA ALJ: 1) "whether the ALJ's decision shows that she considered the other agency's decision"; and 2) "whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision." Id. at 1330 (citations omitted). "If there is substantial evidence in the record, then the ALJ's decision should be affirmed." Id. (citation omitted).

Ultimately, the Court in Noble answered both questions in the affirmative, finding substantial evidence to support the ALJ's finding that "the VA's decision was inconsistent with the 'objective medical evidence' in the record." Id. The Court distinguished the unpublished Brown-Gaudet-Evans

case, upon which the plaintiff there relied, by noting it "did not address the situation before" the Noble Court. Id. at 1331. In Brown-Gaudet-Evans, the ALJ "gave only [the] single reason for rejecting the VA's decision: that the VA applied a different standard to determine whether the claimant was entitled to disability benefits." Id. In Noble, however, "the ALJ did not reject the other agency's decision simply because the VA applied a different standard to determine whether [the plaintiff] was disabled." Id. "Instead," stated the Court, "the ALJ explained that the VA's decision was contradicted by more recent objective medical evidence in the record." Id.[8]

Turning back to the instant case, the ALJ on remand had the following "response" to the Court's reversal:

> I must point towards 20 CFR 404.1585, which explains that adjudicators at all levels of administrative review are to follow agency policy, as set out in the Commissioner's regulations, SSRs, Acquiescence Rulings, and other instructions such as Program Operations Manual System ('POMS'), Emergency Messages, and the Hearings, Appeals, and Litigation Law Manual ('HALLEX').
>
> Thus, in response to the Court's declaration that in this Circuit evidence from the VA disability rating 'should be given great weight,' this statement cannot be strictly adhered to. The undersigned realizes that the Court cited to various Eleventh Circuit Court decisions (published and unpublished) in support of this notion;

---

[8] Moreover, the Court noted that Brown-Gaudet-Evans is unpublished and not binding. Noble, 963 F.3d at 1330, 1331.

> however, the Agency does not consider district court decisions to be precedential. See SSR 96-1p.
>
> When a district court decision conflicts with our interpretation of the Act or our regulations, the [ALJ] must apply our nationwide policy when they adjudicate other claims within that district court's jurisdiction, unless the court directs otherwise, such as a class action. Further, an [ALJ] should not consider any district court decision except when one of his or her own decisions have been remanded by the district court.
>
> Thus, <u>I reject wholeheartedly the notion that 'in this Circuit, a disability rating from the VA is 'evidence that should be given great weight.' The [ALJ] is not bound by this interpretation by the federal Courts on VA disability ratings in the Eleventh Circuit</u>.

Tr. at 1806 (emphasis added). "With that in mind," the ALJ went on to "look at the prior response to the VA disability rating." Tr. at 1806. The ALJ continued to assign the rating "little weight," Tr. at 1807, this time abandoning the notion that the VA did not review all of the medical evidence and did not rely upon a VE, but instead expanding to a degree on how the SSA and VA programs differ in their rules and findings. Tr. at 1806-07.

The ALJ again reversibly erred. To the extent the ALJ "reject[ed] wholeheartedly" this Court's prior finding that a VA disability rating should be given great weight absent specific reasons for discounting the determination, the ALJ appears to have made his rejection without the benefit of <u>Noble</u> (as it is not cited or referred to anywhere in the Decision). Thus, the ALJ was simply rejecting this Court's findings and analysis. This Court's reasoning was sound

and was supported by binding and persuasive precedent (especially without the benefit of Noble reconciling prior precedent).

The ALJ seems to have misunderstood the role of a reviewing district court vis-à-vis how the Administration treats opinions from other, non-reviewing, district courts: "The undersigned realizes that the Court cited to various Eleventh Circuit Court decisions (published and unpublished) in support of this notion; however, the Agency does not consider district court decisions to be precedential."[9] Tr. at 1806 (emphasis added). As a reviewing court, this Court's judgment and remand instructions were to be followed by the ALJ on remand. To the extent the ALJ believed that he was not bound by the remand instructions, that belief was in error. Indeed, this Court's judgment was not appealed by Defendant and was therefore final.[10] And, following this Court's remand, the Appeals Council itself remanded the matter to the ALJ "for further proceedings consistent with the order of the court." Tr. at 1904

---

[9] Another, equally problematic, possibility with this finding is that the ALJ does not understand the difference between a district court and a circuit court.

[10] The ALJ referenced Social Security Ruling 96-1p in the Decision. That Ruling provides, in part: "despite a district court decision which may conflict with SSA's interpretation of the Social Security Act or regulations, SSA adjudicators will continue to apply SSA's nationwide policy when adjudicating other claims within that district court's jurisdiction unless the court directs otherwise." (emphasis added.) SSR 96-1p did not permit the ALJ here to reject the Court's analysis or remand instructions. By its terms, the Ruling applies to "other claims," not Plaintiff's, and it directs an adjudicator to apply "policy unless the court directs otherwise." Even if the analysis in the Memorandum of Decision was against SSA policy, the Court's directions were to be followed.

(emphasis added).[11]

Nor did the ALJ adequately comply with the Court's remand instructions. The ALJ relied entirely on the SSA and VA having different requirements in rejecting the VA disability rating. When the ALJ relied on this reasoning the first time, it was found by the Court to be inadequate. See Tr. at 1895-97. In making the finding, the Court relied in large part on Brown-Gaudet-Evans. Although that case is not published, it is persuasive. Noble specifically declined to address the issue presented in Brown-Gaudet-Evans, so Noble could not have called into question this Court's reasoning on the Brown-Gaudet-Evans issue. And, again, the Court's prior Memorandum of Decision was not appealed, so it was a final determination.

The ALJ in the Decision on remand did expand to a degree on the differences between the programs. However, the ALJ did not otherwise analyze or explain why he was discounting the VA disability rating, and the ALJ did not comply with the Court's instruction on remand to "seriously consider and closely scrutinize the VA's disability determination." Tr. at 1897. The ALJ's failure to follow this Court's remand instructions, that were not called into question by

---

[11] Defendant elected not to defend the ALJ's assertion that he was not bound to follow the Court's instructions and/or Eleventh Circuit precedent, see Joint Memo at 18, instead arguing that the ALJ generally complied with the requirements set forth in Noble, see id. at 18-24.

- 15 -

Noble, is reversible error necessitating another remand.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the VA disability rating consistent with the Court's prior instructions;

(B) If appropriate, address the other issue raised by Plaintiff in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on August 10, 2022.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record